IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW RISE BRAND HOLDINGS, LLC,

    Plaintiff,

v.

BURLINGTON MERCHANDISING CORP. and BURLINGTON STORES, INC.,

    Defendants.

Case No.: 17-CV-2780

**COMPLAINT**

**JURY TRIAL DEMANDED**

---

Plaintiff New Rise Brand Holdings, LLC ("Plaintiff" or "NRBH"), by its attorneys, Amster, Rothstein & Ebenstein LLP, for its Complaint against Burlington Merchandising Corp. and Burlington Stores, Inc. (collectively and individually, "Defendants" or "Burlington") respectfully sets forth, represents, and alleges:

## INTRODUCTION

1. This is an action for breach of contract; breach of the obligations of good faith and fair dealings; unjust enrichment; and conversion, all under the laws of the State of New York.

## THE PARTIES

2. NRBH is a limited liability company organized and existing under the laws of the State of California with a principal place of business at 512 7th Avenue, New York, New York 10018.

3. Upon information and belief, Burlington Merchandising Corp. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1830 Route 130 North, Burlington, New Jersey 08016.

4. Upon information and belief, Burlington Stores, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1830 Route 130 North, Burlington, New Jersey 08016.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

6. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants do business in this State and in this District; because this action arises out of conduct that was directed to Plaintiff in this State and in this District; and because Defendants purposefully availed themselves of the benefits of this State and this District by, *inter alia*, filing a motion to remove this case from New York Supreme Court to this Court.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) in that the Defendant does and/or transacts business in this district, Defendant is subject to this Court's personal jurisdiction with respect to this action, and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

8. In addition, upon information and belief, pursuant to the terms and conditions of the purchase orders at issue in this case and described below, the parties have agreed to jurisdiction and venue in the State of New York.

## FACTUAL BACKGROUND

9. NRBH is engaged in, *inter alia*, the manufacture and sale of branded apparel.

10. Burlington operates retail stores offering for sale clothing, shoes, accessories, and other consumer goods.

11. Since at least as early as 2014, NRBH and Burlington entered into multiple agreements and purchase orders (collectively, "Agreements") whereby NRBH would supply men's apparel to Burlington for Burlington to sell in its stores, upon information and belief, Burlington Coat Factory and/or Burlington.

12. In accordance with the governing Agreements, NRBH performed its obligations under the Agreements, including that it did supply men's apparel to Burlington.

13. Burlington has refused to pay NRBH for certain men's apparel supplied to Burlington by NRBH.

14. Despite NRBH's demands for payment, Burlington asserts that it is entitled to withhold funds owed to NRBH under the Agreements because it is entitled to chargebacks.

15. NRBH has demanded that Burlington provide information and evidence to justify the chargebacks.

16. Burlington has refused to provide and has not otherwise provided such information and evidence.

17. Upon information and belief, there is no legally cognizable basis for the alleged chargebacks.

18. Burlington is not entitled to withhold funds owed to NRBH.

19. Burlington currently owes NRBH, and is wrongfully withholding from NRBH, at least $335,000.

20. NRBH has been harmed by Burlington's failure to pay the amounts owed to NRBH.

21. As parties to the Agreements under New York law, Burlington owes to NRBH a duty of good faith and fair dealing.

22. Burlington has violated its duty of good faith and fair dealing.

## **CLAIMS FOR RELIEF**

### **First Cause of Action**
### **(Breach of Contract)**

23. NRBH repeats and re-alleges all preceding paragraphs as if fully set forth herein.

24. The Agreements entered into by NRBH and Burlington are valid contracts consented to by the parties, for which good and valuable consideration was given.

25. NRBH sold its goods to Burlington and otherwise performed all of its obligations under the Agreements.

26. Pursuant to the Agreements, Burlington is obligated to pay NRBH for its goods.

27. Burlington has failed to pay NRBH at least $335,000.

28. NRBH has demanded payment by Burlington of the funds owed to NRBH, but Burlington has refused.  Burlington instead has insisted that it was entitled to chargeback the amounts it has withheld.

29. NRBH has demanded that Burlington provide information and evidence to justify the chargebacks.

30. Burlington has refused to provide and has not otherwise provided such information and evidence.

31. Burlington's failure to remit the funds owed to NRBH constitutes a breach of the Agreements.

32. As a direct and proximate result of Burlington's actions, NRBH has been damaged and is entitled to relief in an amount to be determined at trial, currently believed to be at least $335,000, plus interest.

**Second Cause of Action**
**(Unjust Enrichment)**

33. NRBH repeats and re-alleges all preceding paragraphs as if fully set forth herein.

34. As a result of the conduct described above, Burlington has been unjustly enriched by its failure to pay to NRBH money it owes to NRBH.

35. Burlington's enrichment has been at the expense of NRBH.

36. Burlington cannot in good conscience be allowed to retain money due and owed to NRBH.

37. As a direct and proximate result of Burlington's actions, NRBH has been damaged and is entitled to relief in an amount to be determined at trial, currently believed to be at least $335,000, plus interest.

**Third Cause of Action**
**(Covenant Of Good Faith And Fair Dealing)**

38. NRBH repeats and re-alleges all preceding paragraphs as if fully set forth herein.

39. As parties to the Agreements under New York law, Burlington owes to NRBH a duty of good faith and fair dealing.

40. Burlington's failure to pay money owed to NRBH, and its disingenuous justifications for doing so, constitutes, *inter alia*, a violation of the covenant of good faith and fair dealing that is implied in contracts.

41. As a direct and proximate result of Burlington's actions, NRBH has been damaged and is entitled to relief in an amount to be determined at trial, currently believed to be at least $335,000, plus interest.

**Fourth Cause of Action**
**(Conversion)**

42. NRBH repeats and re-alleges all preceding paragraphs as if fully set forth herein.

43. NRBH possesses rights in and is entitled to be paid by Burlington for the goods NRBH supplied to Burlington.

44. Burlington is not entitled to retain the funds due and owed to NRBH.

45. Burlington's refusal to remit the funds due and owed to NRBH amounts to unlawful conversion.

46. As a direct and proximate result of Burlington's actions, NRBH has been damaged and is entitled to relief in an amount to be determined at trial, currently believed to be at least $335,000, plus interest.

## Prayer for Relief

**WHEREFORE,** NRBH demands a judgment against Burlington on all of its Causes of Action, with interest, costs, and attorneys' fees as allowed by law, together with such other, further, and different relief to NRBH as this Court may seem just and proper.

## Demand for Jury Trial

NRBH hereby demands a trial by jury of all claims so triable.

Dated:   New York, NY        By: /s/Chester Rothstein
         May 4, 2017              Chester Rothstein
                                              Marc J. Jason
                                              Jessica Capasso
                                              AMSTER, ROTHSTEIN & EBENSTEIN LLP
                                              90 Park Avenue
                                              New York, NY  10016
                                              Tel:  (212) 336-8000
                                              Fax: (212) 336-8001
                                              *crothstein@arelaw.com*
                                              *mjason@arelaw.com*
                                              *jcapasso@arelaw.com*
                                              **ATTORNEYS FOR PLAINTIFF**
                                              **NEW RISE BRAND HOLDINGS, LLC**